IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SGT. RICHARD CORDER and DHARMA CORDER, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BBG COMMUNICATIONS, INC.; BBG GLOBAL AG, a limited liability company; CENTRIS INFORMATION SERVICES, LLC; and DOES 1 through 10, Inclusive,<br><br>    Defendants. | Civil Action No. 6:11-CV-00264-WSS |

**PLAINTIFFS' OBJECTIONS TO CONSIDERATION OF EXHIBITS
IN SUPPORT OF DEFENDANT BBG COMMUNICATIONS, INC. AND
BBG GLOBAL, AG'S REPLY TO RESPONSE TO MOTIONS TO DISMISS**

**TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that at the same time as the hearing on Defendants BBG Communications, Inc. and BBG Global AG's ("Defendants BBG Communications and BBG Global") pending motions to dismiss Plaintiffs' First Amended Complaint ("Complaint") [Dkt. No. 48], Plaintiffs will request the Court rule on and grant their objections to the Request for Judicial Notice in Support of Reply in Support of Motion to Dismiss [Dkt. No. 65], and the "Declaration of Avanticom" [Dkt. No. 66-1], filed by Defendants BBG Communications, Inc. and BBG Global AG.

First as to Exhibit A to the Request for Judicial Notice, Defendants have argued that a NATO Status of Forces Agreement requires the Dismissal of Plaintiffs' Complaint as, according to Defendants, these calls were made by NATO forces "stationed" in Germany -- despite the

1

allegations in ¶ 28 of the Complaint to the contrary. Plaintiffs have directly opposed this argument, presenting the Court with the relevant pages of the NATO Status of Forces Agreement with the Federal Republic of Germany demonstrating that, at most, it only applies to: (i) NATO troops; (ii) stationed in Germany – neither of which are the facts alleged throughout the Complaint. In response to Plaintiffs' opposition, Defendants ask that the Court take judicial notice of a 243-page "Base Structure Report" they attached to their Reply Brief. Exhibit A is not properly considered for a number of reasons.

Exhibit A – improperly submitted for the first time in reply -- is: (i) irrelevant to Defendants' argument that the NATO Treaty applies under these facts; and (ii) irrelevant to Plaintiffs' position that the NATO Treaty does not apply under these facts, since it apparently seeks only to contradict Plaintiffs' allegations that these military troops make the phone calls in question from a secured military area within the Leipzig airport that can only be accessed by U.S. military personnel. Because the only argued relevance of the NATO Treaty is whether or not the troops were (i) NATO forces; (ii) stationed in Germany, and that is not addressed by the Exhibit A, the exhibit is irrelevant and inadmissible under Fed. R. Evid. 401, should be given no weight and should not be judicially noticed. *See Vallot v. Central Gulf Lines, Inc.,* 641 F.2d 347 (5th Cir. 1981) (refusing to judicially notice matters that are irrelevant). Accepting Defendants' argument for the need to consider this document to its logical end (i.e., all troops who pass through Germany are subject to the NATO Treaty, all military telephone calls are subject to the NATO Treaty, therefore all troops who make telephone calls anywhere in Germany are subject to the NATO Treaty), if these troops had gone through the main terminal at *any* airport in Germany they would be subject to the NATO Treaty. There is no indication such an absurd result was intended anywhere in the law.

Exhibit A is also not supported by any declaration of authenticity. Defendants only provide a conclusory statement that the document represents a "Base Structure Report," which Defendants summarily state is a government document. Defendants ask this Court to take judicial notice of Exhibit A to request the Court improperly draw a negative (and irrelevant) inference that "the Leipzig Airport is notably absent from [the exhibit], meaning that it is not a Department of Defense facility." (Reply at pg. 5).[1] That is not proper on a motion to dismiss. Judicial notice of a government document is only taken for the purpose that it exists, not to establish the truth of matters contained (or not contained) therein. Such extraneous documents presented by Defendants on a motion to dismiss cannot be considered for the truth of their contents or to resolve a fact or to factually dispute an allegation, such as alleged at ¶ 28 of the operative Complaint. *Jaso v. Coca Cola Co.*, 435 Fed. Appx. 346 (5th Cir. 2011). Thus, the mere existence of this report cannot be used to establish the existence or non-existence of the particular fact for which judicial notice is requested.

Second, BBG submitted a Supplemental "Declaration of Avanticom" [Dkt. No. 66-1] where it presents for the first time on reply (and is objectionable on that ground as well) improper assertions that contradict the allegations of the Complaint. Even though BBG claims it submitted this new Declaration to "clarify" certain information not previously submitted, BBG submits an e-mail to Avanticom, a non-party in this case, from a consumer in another case who is not a Class member in this case, as well as inaccurately refers to a conversation where Plaintiffs' counsel inquired whether Avanticom would be as voluntarily forthcoming with information as it was to all Defendants, even though supposedly it only has a contractual

---

[1] In their Reply Brief, Defendants also make references to rates charged at payphones in Texas, through a reference to a website link. (Reply at pg. 7, Fn. 4.) To the extent that Defendants seek the Court to judicially notice these facts at the threshold, pleading stage, it is also improper and irrelevant to the claims at issue for the reasons stated herein.

relationship with BBG (not surprisingly, the answer was "No"), or would require a subpoena. Such information is neither judicially noticeable nor proper evidence, nor has any relevance to any of the claims at issue or the defenses raised in the Motions to Dismiss. It appears to be submitted more as an attempt to somehow impugn counsel or as a vehicle for improperly submitting new evidence for the first time on reply rather than to address any possibly relevant issues raised in these Motions. Thus, not only is such "evidence" improper for a motion to dismiss as it contains no judicially noticeable material nor is relevant to any question of standing, it is also objectionable as late-submitted irrelevant hearsay and must be stricken.

Even if the Court could properly take judicial notice of these Exhibits (which it cannot), it is axiomatic under Rule 12(b) and the law of the Fifth Circuit that in deciding a motion to dismiss, the Court may not consider such materials outside the Complaint. BBG's Request for Judicial Notice and to consider the "Declaration of Avanticom" is a violation of basic rules for a motion to dismiss, unlawfully submitting extraneous documents and information not suitable for consideration on a motion to dismiss. *See Scanlan v. Texas A&M Univ.*, 343 F.3d 533 (5th Cir. 2003). A court may only consider evidence outside the Complaint if it is evidence on which the complaint "necessarily relies" *and* if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; *and* (3) no party questions the authenticity of the copy attached to the 12(b) motion. *Valdez v. Capital Mgmt. Servs. L.P.*, 2010 U.S. Dist. LEXIS 121483 (S.D. Tex. 2010). As judicial notice should only be used sparingly at the pleadings stage, courts must use care "policing the line between those documents included as part of the pleadings and those that constitute evidence [that], while presumably admissible and relevant at trial, nonetheless are not properly considered on a motion to dismiss." *Hirata Corp. v. J.B. Oxford & Co.*, 193 F.R.D. 589, 593 (S.D. Ind. 2000); *see also Deepwells Estates, Inc. v. Incorporated Village of Head of*

*the Harbor*, 973 F.Supp. 338, 344 (E.D. N.Y. 1997) (excluding from consideration documents attached to a motion to dismiss because the "documents were not attached as exhibits to the complaint, incorporated by reference in the pleadings, nor can the Court take judicial notice of such documents" and declining "to convert the defendants' motion to dismiss into a motion for summary judgment").

These newly submitted documents are not referenced by or attached to Plaintiffs' Complaint, nor are they central to this claim – indeed, they are entirely irrelevant to this Motion. Defendants fail to acknowledge, let alone show, that only a limited category of facts that are properly subjects of judicial notice can be referenced in a motion to dismiss, and then only in limited circumstances. *Jaso v. Coca Cola Co.*, *supra,* 435 Fed. Appx. 346 (reversing and remanding district court's acceptance of a "pivotal fact" outside of the pleadings at the motion to dismiss stage); *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) ("[W]e point out that the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process."). If the parties dispute its authenticity or the form is not referenced in a plaintiff's complaint, it will not be considered. Thus, new these irrelevant materials – improperly submitted for the first time on reply – are not properly considered by the Court and must be rejected for consideration.

## **CONCLUSION**

WHEREFORE, premises considered, Plaintiffs respectfully request that the Court deny Defendants' Request for Judicial Notice and strike the "Declaration of Avanticom", and for all other proper relief.

DATED: April 20, 2012               Respectfully submitted,

                                                    THE CONSUMER LAW GROUP
                                                  By:      S/Alan M. Mansfield
                                                  Alan M. Mansfield (CA SBN 125998)
                                                  (Admitted *Pro Hac Vice*)
                                                  alan@clgca.com

10200 Willow Creek Rd., Suite 160
San Diego, CA 92131
Tel: (619) 308-5034
Fax: (888) 341-5048

DUNNAM & DUNNAM, L.L.P.
Vance Dunnam (Texas Bar No. 06258000)
Jim Dunnam (Texas Bar No. 06258010 )
4125 West Waco Drive
P.O. Box 8418
Waco, TX 76714-8418
Phone: (254) 753-6437
Fax: (254) 753-7434

EMERSON POYNTER LLP
John G. Emerson (Texas Bar No. 06602600)
jemerson@emersonpoynter.com
830 Apollo Lane
Houston, TX 77058-2610
Tel: (281) 488-8854
Fax: (281) 488-8867

Scott E. Poynter (Admitted *Pro Hac Vice*)
scott@emersonpoynter.com
Chris D. Jennings (Admitted *Pro Hac Vice*)
cjennings@emersonpoynter.com
William T. Crowder (Admitted *Pro Hac Vice*)
wcrowder@emersonpoynter.com
Corey D. McGaha (Texas Bar No. 24058992)
cmcgaha@emersonpoynter.com
500 President Clinton Ave., Ste. 305
Little Rock, AR 72201
Tel: (501) 907-2555
Fax: (501) 907-2556

WHATLEY DRAKE & KALLAS, LLC
Joe R. Whatley, Jr., Esq. (Admitted
*Pro Hac Vice*)
Edith M. Kallas, Esq. (Admitted *Pro Hac Vice*)
380 Madison Avenue, 23rd Floor
New York, NY 10017
Tel: (212) 447-7070
Fax: (212) 447-7077

John Mattes, Esq. (Fla. SBN 0468150)
(Admitted *Pro Hac Vice*)
investigativeguy@gmail.com
1666 Garnet Avenue, #815
San Diego, CA 92109
Tel: (858) 412-6081

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of April, 2012, a true and correct copy of the foregoing pleading was forwarded via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, to the parties listed below.

                                                S/Alan M. Mansfield
                                                Alan M. Mansfield
                                                (Admitted *Pro Hac Vice*)

| | |
|---|---|
| NAMAN, HOWELL, SMITH & LEE, LLP<br>John P. Palmer (SBN: 15430600)<br>900 Washington, 7th Floor<br>P. O. Box 1470<br>Waco, TX 76703-1470<br>Tel: (254) 755-4100<br>Fax: (254) 754-6331<br><br>Attorneys for Defendants BBG<br>COMMUNICATIONS, INC. and BBG<br>GLOBAL AG | SHEPPARD MULLIN RICHTER &<br>HAMPTON LLP<br>Fred R. Puglisi (Admitted *Pro Hac Vice*)<br>Valerie E. Alter (Admitted *Pro Hac Vice*)<br>Elizabeth S. Berman (Admitted *Pro Hac Vice*)<br>Jay T. Ramsey (Admitted *Pro Hac Vice*)<br>1901 Avenue of the Stars, Suite 1600<br>Los Angeles, CA 90067<br>Tel: (310) 228-3700<br>Fax: (310) 228-3701<br><br>Attorneys for Defendants BBG<br>COMMUNICATIONS, INC. and BBG<br>GLOBAL AG |
| HARBOUR, SMITH HARRIS & MERRITT<br>Edward L. Merritt (Texas Bar No. 13967400)<br>P. O. Drawer 2072<br>Longview, TX 75606<br>Tel: (903) 757-4001<br>Fax: (903) 757-5123<br><br>Attorneys for Defendant CENTRIS<br>INFORMATION SERVICES, LLC | |