IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
WACO DIVISION

| | | |
|---|---|---|
| RICHARD CORDER et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. W-11-CA-00264 |
| | § | |
| BBG COMMUNICATIONS, INC. et al., | § | |
| Defendants. | § | |

## ORDER

Before the Court are the Objections to Exhibits submitted by the Plaintiffs, Richard and Dharma Corder, and the Defendants, BBG Communications, Inc. and BBG Global, AG (collectively, BBG), and Centris Information Services, LLC (Centris). Having considered the objections and the applicable legal authority, the Court finds as follows:

1. The Corders' Objections to Exhibits to BBG's and Centris's Motions to Dismiss.

    The Corders' objections are based on the general rule that courts cannot consider matters outside the pleadings when deciding whether to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6). *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (stating that the court must usually limit itself to the actual contents of the live complaint and any documents either attached or incorporated by reference). However, in this case, the Court dismissed the claims against BBG under Rule 12(b)(2), and it can consider matters outside the pleadings when conducting that analysis. *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir.

1996). Likewise, the Court can consider exhibits when deciding a choice-of-law issue, as it did when ruling on Centris's motion. See Fed. R. Civ. P. 44.1. Thus, the Corders' objections are overruled.

2. BBG's Objection to Exhibits to the Corders' Response to the Motion to Dismiss.

BBG objects to the Declarations of John Mattes and Alan Mansfield, including the accompanying exhibits, arguing, inter alia, that their statements are irrelevant, are not based on personal knowledge, and contain hearsay.

The objections to Mattes's declaration have merit. When deciding a motion to dismiss for lack of personal jurisdiction, the "central concern" is the "relationship between the defendant, the forum, and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204 (1977). The statements contained in ¶¶ 1–9 and ¶ 11 of Mattes's declaration are irrelevant, as they have nothing to do with BBG's contacts with Texas. The statements in ¶ 10 do relate to Texas, but nothing indicates that Mattes has personal knowledge of the matter. See Fed. R. Evid. 601. Mattes's statement is apparently based on hearsay. Thus, the objections to his declaration are sustained.

The objections to Mansfield's declaration are partially meritorious. The statements contained in ¶ 3 violate the Best Evidence Rule. Fed. R. Evid. 1002. The contents of Jamie Maddox's deposition speak for themselves. Furthermore, the statements contained in ¶ 4 are irrelevant. Whether BBG Communications and BBG Global are owned by the same person is irrelevant absent some connection to Texas. However, the Court will overrule the objections to ¶¶ 5–7 in Mansfield's declaration. These statements are relevant to whether further jurisdictional discovery is appropriate, namely the

need to depose Gregorio Galicot, Bryan Rhys, and Linda Platt and the desire to introduce the *Safjr* discovery documents. The Court will consider Mansfield's statements for this purpose only. And the disparaging comments regarding BBG's refusal to allow admission of the *Safjr* material are ignored.

As for BBG's objections to the Corders' request to submit the *Safjr* materials, that matter is adequately addressed in the Court's order granting BBG's motion to dismiss.

3.  The Corders' Objection to Exhibits to BBG's Reply

The Corders' objection to the exhibits attached to BBG's reply brief has merit. The Court will not consider arguments, much less evidence, submitted for the first time in a reply brief. *See Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) (per curiam). Thus, the Corders' objection is sustained.

**IT IS SO ORDERED.**

SIGNED this 30th day of July, 2012.

_____
WALTER S. SMITH, JR.
**UNITED STATES DISTRICT JUDGE**